SAMPSON & KEENE *v.* E. P. NOBLE.

The enrollment of a steamboat is a record, of which the collector of customs is the custodian, under the Acts of Congress, and a copy thereof, duly certified by the collector, is competent evidence; so is such a copy of the act of sale recorded under the Act of Congress of 1850.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*Race & Foster,* for plaintiffs and appellants.    *Ogden & Stansbury,* for defendants and appellee.

BUCHANAN, J.    The plaintiffs offered copies of the enrollment of the steam-boat Compromise, and of the bill of sale of said boat to defendant, certified by the Deputy Collector of the port of New Orleans.    The defendant, by counsel, objected to these documents as evidence, on the ground that the collector or his deputy, had no authority in the law to grant such certificates, so as to make them evidence in a court of justice.    This objection was sustained by the court.

In this ruling, the court below erred.    The enrollment of the steamboat was a record, of which the Collector of the Customs was the custodian, under the Acts of Congress of 1789, 1792 and 1793.    Statutes at Large, vol. 1, p. 55, 287 and 305.    By these Statutes, it is made his duty to deliver certificates of registry and enrollment of vessels.    And as to the copy of the bill of sale, the Act of Congress of the 29th July, 1850, (Statutes at Large, vol. 9, p. 440,) requires conveyances, hypothecations, &c. of vessels to be recorded, in the office of the Collector of the Customs where the vessels are registered or enrolled, and provides (section 4) that the Collector shall furnish certified copies of such records on the receipt of fifty cents for each bill of sale, mortgage or other conveyance.

The Article 2249 of the Civil Code, and the cases of *Johnson* v. *Cox,* 13 La. 537, and *White* v. *Kearney,* 9 Rob. 499, relied upon by defendant's counsel, are not applicable to this case.    A rule was taken upon defendant to produce his bill of sale on trial, which rule was served upon defendant and answered by him. After which the record from the customhouse was offered.

Plaintiffs proved their account sued upon to be correct; and that the furniture was selected by the captain of the steamboat, and delivered on board the same by plaintiffs.

As the bill of sale of the steamboat Compromise, annexed to the bill of exceptions above mentioned, shows that the defendant was sole owner of the said steamboat when the furniture was sold for the use of that boat by plaintiffs, the defendant is bound to pay for the same.    The authority of the captain to make this purchase will be presumed, in the absence of any proof to the contrary, and of any offer to return the furniture.

Judgment of District Court reversed; and judgment in favor of plaintiffs against defendant for $420 60, with interest from judicial demand, and costs of both courts.

COLE, J., absent.